**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ENRIQUE ENRIQUEZ-GUERRA,
Petitioner,
v.
MARKWAYNE MULLIN, *et al.*,
Respondents.

Case No. 26-cv-04510-BAS-JLB

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)**

Petitioner Enrique Enriquez-Guerra filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was conditionally paroled into the United States. (ECF No. 6.) The Government does not oppose the Petition. (ECF No. 8.) Because the Government does not oppose, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Cuba, entered the United States in 2022 seeking asylum. (ECF No. 6.) He was conditionally paroled into the United States after Immigration and Customs Enforcement ("ICE") determined he was not a flight risk or danger to the community. (*Id.*) Petitioner timely filed for asylum and attended all his immigration court dates. (*Id.*) On October 16, 2025, at one such court date, ICE detained him without any explanation as to why he was being detained or what had changed. (*Id.*) Petitioner has no criminal history. (*Id.*) Petitioner seeks immediate release on the same terms and conditions as his previous parole. (*Id.*)

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard, and without noticeable changed circumstances, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026)

("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

In this case, the Government does not oppose the Petition. (ECF No. 8.) Because ICE released Petitioner upon finding he was not a flight risk or a danger to the community in 2022, and because there is no evidence that those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Amended Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Enrique Enriquez-Guerra (A# 240-565-644) be released on the same terms and conditions on which he was previously released in 2022.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 3, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**